IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN A. ROMANO, SR. and DEBORAH A. ROMANO, Administrators of the ESTATE OF STEVEN A. ROMANO, JR., 621 Bucks Road Perkasie, PA 18944<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | CIVIL ACTION LAW<br><br>No. _____ |

**CIVIL ACTION COMPLAINT**
**FEDERAL TORT CLAIMS ACT**

Plaintiffs, Steven A. Romano, Sr. and Deborah A. Romano, Administrators for, and on behalf of, the Estate of Steven A. Romano, Jr., by and through their attorneys, McLaughlin & Lauricella, P.C., file this Complaint against the Defendant, United States of America, for the conduct of its agents, servants, and employees, including but not limited to: Hector Colon Rivera, M.D., Juliet J. Muzere, D.O., Cabrina Campbell, M.D., Jeanne M. Cunningham, Courtney L. Claxton, Rema Dabbas, Jeanette Polite-Thomas, Carmen Mercer, Laura Lajudice, Shamiya Williams, Moniquetta Weems, Portia Bullecer, Michelle McMillan, Nadia C. Gordon, Jasmin Baez-Vega and Lauren Lindsey, and alleges and avers as follows:

**JURISDICTION AND VENUE**

1. This Honorable Court is vested with jurisdiction in this matter pursuant to 28 U.S.C. § 1346(b), which vests exclusive subject matter jurisdiction of Civil Actions for claims against the United States for damages resulting from personal injuries caused by government employees.

2. This Honorable Court is vested with supplemental jurisdiction over the claims against Defendant, United States of America, and its agents, servants, and employees pursuant to 28 U.S.C. §1367(a).

3. Venue is proper before this Honorable Court because the actions giving rise to this claim occurred in Philadelphia County, Pennsylvania, which is in the Eastern District of Pennsylvania.

## PARTIES

4. Plaintiff is the Estate of Steven Romano, Jr. through its Co-administrators, Steven A. Romano, Sr. and Deborah A. Romano, who are adult individuals and citizens of the Commonwealth of Pennsylvania, residing therein at 621 Bucks Road, Perkasie, Pennsylvania 18944.

5. Steven A. Romano, Sr. and Deborah A. Romano are the Administrators of the Estate of their deceased son, Steven A. Romano, Jr., having received letters of Administration from the Montgomery County Register of Wills on November 29, 2017.

6. Defendant, the United States of America, at all times material hereto acted through its agency, the Department of Veteran Affairs, which, at all times material hereto, owned, operated, and controlled the health-care facility known as Corporal Michael J. Crescenz VA Medical Center ("VA Medical Center"), located at 21 S. University Avenue, Philadelphia County, Pennsylvania, 19104, which employed the negligent healthcare personnel who rendered care and treatment to Steven A. Romano, Jr., including, but not limited to:  Hector Colon Rivera, M.D., Juliet J. Muzere, D.O., Cabrina Campbell, M.D., Jeanne M. Cunningham, Courtney L. Claxton, Rema Dabbas, Jeanette Polite-Thomas, Carmen Mercer, Laura Lajudice, Shamiya Williams, Moniquetta Weems, Portia Bullecer, Michelle McMillan, Nadia C. Gordon, Jasmin Baez-Vega, and Lauren Lindsey.

## JURISDICTIONAL PREREQUISITES

7. All conditions precedent required of Plaintiffs prior to bringing this action have occurred, or have been met, including all statutory pre-suit notice and investigation requirements of the Federal Tort Claims Act, including 28 U.S.C.A. §§2401 and 2675.

8. Plaintiffs complied with the pre-suit notification requirements of the Federal Tort Claims Act by filing an administrative claim for sums certain on the prescribed Standard Form 95, with the above-identified VA Medical Center and the Department of Veterans Affairs which was received by the Chief of Staff Office on November 9, 2018.

9. On October 22, 2019, the Department of Veterans Affairs sent its final denial of the claim, pursuant to 28 U.S.C.A. §2675. Plaintiffs file this action now, within the six-month period provided for pursuant by the Federal Tort Claims Act.

10. Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencing and prosecuting this litigation.

## LIABILITY OF THE UNITED STATES OF AMERICA

11. Liability of the United States of America is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages, which this Complaint describes, were proximately caused by the negligence, wrongful acts, and omissions of employees of the United States of America at the VA Medical Center in Philadelphia County, Pennsylvania, while those employees were acting within the course and scope of their office or employment, under circumstances where the United States of America, if it were a private person, would be liable to Plaintiffs in the same manner, and to the same extent, as a private individual under the laws of Pennsylvania.

12. The United States of America, Department of Veterans Affairs, in operating the VA Medical Center in Philadelphia County, Pennsylvania was, at all times material hereto, required to exercise that degree of care, skill, and knowledge required of a reasonably prudent hospital in treating its patients, and to comply with the required medical standards of a reasonably prudent hospital acting through its healthcare personnel.

13. The agents, servants, and employees (including, but not limited to, clerical personnel, nurses, residents, physicians, medical students, and assistants) of the United States through its VA Medical Center in Philadelphia County, Pennsylvania were required to exercise the degree of care, skill, and diligence required of reasonably prudent medical personnel, and for complying with the required medical standards of reasonably prudent medical personnel.

14. In treating Steven A. Romano, Jr., the United States of America, through its Department of Veterans Affairs and its VA Medical Center in Philadelphia County, Pennsylvania, by and through its agents, servants, and employees failed to exercise the degree of care required of reasonably prudent medical care providers under the same or similar circumstances and, thus, that conduct was negligent. Under the laws of the Commonwealth of Pennsylvania, a private person would be liable to Plaintiffs for this conduct. In accordance with 28 U.S.C. §1346(b) the United States of America is liable to Plaintiffs for the damages described below.

15. At all times material hereto, a physician/patient relationship existed between the agents, servants, and employees of the Defendant and the decedent, Steven A. Romano, Jr.

16. Plaintiffs are pursuing a professional liability claim against the United States of America, the Defendant herein, which was acting through its authorized agents, servants, and employees.

17. The amount in controversy exceeds $150,000, an amount in excess of the jurisdictional limits for Arbitration.

## EMPLOYMENT AND SCOPE

18. At all times material hereto, all persons involved in the medical and health-care services provided to Steven A. Romano, Jr. at the VA Medical Center, located in Philadelphia County, Pennsylvania, were agents, servants, or employees of the United States through its Department of Veterans Affairs, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment. The identities of these nurses, residents, physicians, medical students, and assistants are better known to the Defendant, and include, at a minimum, the following individuals who are identified in the medical record: Hector Colon Rivera, M.D., Juliet J. Muzere, D.O., Cabrina Campbell, M.D., Jeanne M. Cunningham, Courtney L. Claxton, Rema Dabbas, Jeanette Polite-Thomas, Carmen Mercer, Laura Lajudice, Shamiya Williams, Moniquetta Weems, Portia Bullecer, Michelle McMillan, Nadia C. Gordon Jasmin Baez-Vega, and Lauren Lindsey.

## FACTUAL BACKGROUND

19. On October 25, 2017, Steven A. Romano, Jr. was admitted to Unit 7E at the Corporal Michael J. Crescenz VA Medical Center for treatment of opioid dependence.

20. On October 25, 2017, a Unit 7E provider completed Mr. Romano Jr.'s admission orders and entered a one-time dose of methadone (20 mg).

21. Mr. Romano Jr. received 20 mg of methadone on October 25, 2017 prior to being seen by the inpatient psychiatrist.

22. On October 26, 2017 Dr. Hector Colon Rivera assumed primary responsibility for Mr. Romano Jr.'s care. Mr. Romano Jr. received daily methadone doses ranging from 5 mg to 50

mg from day 2 to day 10 of his admission.

23. At no time did any provider inform Mr. Romano Jr. of the potential risks of methadone, including but not limited to, cardiac arrhythmia, central nervous system depression, respiratory depression, drug-drug interactions, and/or death.

24. At no time did any provider obtain informed consent from Mr. Romano Jr. for the administration of methadone.

25. On October 26, 2017, Melissa V. Shiner, PharmD and Melissa A. Humble, PharmD noted that Mr. Romano Jr. had been prescribed multiple medications that could cause additive central nervous system depressant effects. Neither communicated this information to the prescribing physician.

26. On October 26, 2017 Melissa V. Shiner, PharmD and Melissa A. Humble, PharmD noted that Mr. Romano Jr. had been prescribed several medications that could increase the risk of QTc segment prolongation. Neither communicated this information to the prescribing physician.

27. Prior to the administration of methadone, Mr. Romano Jr.'s ECG demonstrated a high normal QTc interval.

28. On October 26, 2017, Melissa V. Shiner, PharmD and Melissa A. Humble, PharmD recommended that Mr. Romano's ECG continue to be monitored for QT prolongation.

29. During Mr. Romano Jr.'s hospitalization, the ECG was not repeated.

30. On October 30, 2017, Psychology Fellow, Anna M. Fineberg, Ph.D., documented that Mr. Romano Jr. "alternated between appearing to be asleep and being awake but appearing drowsy" during group.

31. On October 30 and 31 and November 1 and 3, 2017, Nurse Carmen Mercer described Mr. Romano Jr. as having slept at long intervals through the shift.

32. On November 1, 2017, Michelle McMillan noted that Mr. Romano Jr. complained of swollen feet and that he was nodding off during spirituality.

33. On November 1, 2017, Cabrina Campbell, M.D. noted that Mr. Romano Jr. complained of ankle swelling and back pain and increased Mr. Romano's Flexeril dose.

34. On November 2, 2017, Anna M. Fineberg, Ph.D. and Alyssa E. Silverman, PsyD. noted Mr. Romano to be drowsy and sleeping and that, at the end of the psychology session, he reported that his morning medication might have been making him sleepy.

35. On November 2, 2017, Moniquetta Weems documented that Mr. Romano Jr. expressed that his morning medication was making him drowsy during the day and that he was observed dozing off during psychology group.

36. On November 3, 2017, a Unit 7E staff member notified the overnight psychiatrist, Dr. Juliet J. Muzere, that Mr. Romano had a BP of 148/100, a heart rate of 129, and was experiencing muscle spasms and unsteady gait.

37. On November 3, 2017, at 6:49 a.m., Dr. Muzere documented that she had been notified of Mr. Romano's blood pressure of 148/100, heart rate of 129, muscle spasms, and unsteady gait.

38. On November 3, 2017, at 7:10 a.m., Dr. Muzere documented, "Due to patient's drowsiness, methadone and gabapentin held."

39. On November 3, 2017 at 8:47 a.m., Dr. Colon Rivera documented that Mr. Romano Jr. was "confused and somnolence [sic]." Dr. Colon Rivera documented the methadone management plan as "hold methadone at 40 mg daily for now."

40. On November 3, 2017, Mr. Romano Jr. was administered methadone 40 mg orally.

41. On November 3, 2017, Jeanette Polite-Thomas documented that Mr. Romano Jr.

7

had not attended group in the morning, had not eaten lunch, and had been in bed most of the day.

42. On November 3, 2017 at 7:32 p.m., Rema Dabbas documented, "Pt observed in room appears to be sleeping deeply attempted numerous times to wake for meals and meds. Pt can be heard snoring very loud and pressured at this time. Staff will continue monitor and support"

43. On November 3, 2017 at 8:50 p.m., Courtney L. Claxton attempted to wake Mr. Romano Jr., but he did not respond. She noted that he was struggling on inspiration and "thick brownish secretions noted from bilateral nostrils."

44. On November 3, 2017 at approximately 9:07 p.m., a rapid response team was called by Unit 7E staff.

45. Upon arrival to Mr. Romano's room, Dr. Matthew Saybolt described the patient as "unresponsive, cyanotic and covered in his own vomit."

46. Dr. Saybolt also noted that there was no monitoring equipment in the patient's room, no immediate vital signs available, and no one could immediately provide any corroborating information. There was no backboard or stretcher on the unit and, when a stretcher arrived, it could not be moved into the room because patients' beds were latched to the floor, blocking the doorway to Mr. Romano Jr.'s room. The cardiac monitor was not working.

47. Because the stretcher could not be moved into the room, Mr. Romano Jr. had to be carried out of his room and into the hallway to be placed on the stretcher so that he could be moved to the medical intensive care unit.

48. Mr. Romano Jr. was moved to the medical intensive care unit with a weak pulse and low blood pressure.

49. Mr. Romano Jr. suffered a cardiopulmonary arrest and was pronounced dead on November 3, 2017 at 10:55 p.m.

50. Mr. Romano Jr. died as a result of cardiorespiratory arrest due to the combination of medications and dosing administered to him between 10/25/17 and 11/3/17 at the Corporal Michael J. Crescenz VA Medical Center.

51. Mr. Romano Jr. died as a direct and proximate result of the negligence, carelessness, and recklessness of the Defendant, as set forth in this Complaint.

52. Had the Defendant and its agents, servants, and employees acted in accordance with the standard of care, Mr. Romano Jr.'s respiratory depression, cardiopulmonary arrest, and death would have been avoided.

53. The injuries and damages sustained by the decedent were proximately caused by the negligence, carelessness, recklessness, and other tortious conduct of the Defendant through its agents, servants, and employees, all of whom were acting within and during the course and scope of their employment and authority.

54. The negligence, carelessness, recklessness, and other tortious conduct of the Defendant, and its agents, servants, and employees, consisted of the following:

    a. Failure to obtain informed consent from Steven A. Romano Jr. for treatment with methadone;

    b. Failure to assess Steven A. Romano, Jr. for opiate withdrawal symptoms,

    c. Failure to assess Steven A. Romano, Jr. for risk factors for treatment with methadone;

    d. Negligently administering methadone;

    e. Failure to assess for potential drug-drug interactions in the medications prescribed to Steven A. Romano, Jr.;

    f. Failure to assess the potential additive central nervous system depressant effects of the medications prescribed to Steven A. Romano, Jr.;

g. Failure of communication between the Pharmacists and the prescribing physicians regarding potential drug-drug interactions in Steven A. Romano, Jr.;

h. Failure of communication between the Pharmacists and the prescribing physicians regarding the additive central nervous system depressant effects of the medications prescribed to Steven A. Romano, Jr.;

i. Failure of communication between the Psychologists and the responsible physicians with regard to Steven A. Romano, Jr.'s somnolence;

j. Failure of communication between nurses and physicians regarding Steven A. Romano, Jr.'s symptoms of over-sedation;

k. Negligently increasing Steven A. Romano, Jr.'s methadone dose despite evidence of over-sedation;

l. Negligently continuing Steven A. Romano, Jr.'s methadone despite evidence of over-sedation;

m. Failure to adequately monitor Steven A. Romano, Jr. for central nervous system depression;

n. Failure to adequately monitor Steven A. Romano, Jr. for respiratory depression;

o. Failure to comply with Unit 7E nursing policies and procedures;

p. Failure to obtain a repeat ECG after Steven A. Romano, Jr.'s methadone dose was increased;

q. Failure to obtain an ECG when Steven A. Romano, Jr.'s heart rate was elevated;

r. Failure to assess the cause of Steven A. Romano, Jr.'s lower extremity edema;

s. Failure to recognize and to act upon Steven A. Romano, Jr.'s symptoms as evidence of over-sedation;

t. Failure to properly assess Steven A. Romano, Jr.'s altered mental status;

    u. Failure to have Narcan available on Unit 7E;

    v. Failure to recognize Steven A. Romano, Jr.'s respiratory distress on 11/3/2017;

    w. Failure to administer Narcan to Steven A. Romano, Jr. when he exhibited signs of central nervous system depression;

    x. Failure to have appropriate equipment available to respond to Steven A. Romano's medical condition;

    y. Causing Steven A. Romano, Jr.'s room to be in a condition that prohibited access to emergency equipment and treatment;

    z. Failure to formulate, implement, and monitor/supervise an appropriate treatment plan for the decedent's care and treatment; and

    aa. Such other acts and omissions as will be uncovered during discovery and at trial.

55. The injuries and losses suffered by Plaintiff, as set forth elsewhere in this Complaint, were a direct and proximate result of the negligence, carelessness, recklessness, and other tortious conduct of the Defendant, acting through its agents, servants, and employees, and were not due to any act or failure to act on the part of the decedent, or anyone acting on his behalf.

56. The personal injuries and losses sustained by Plaintiff were caused by the negligence, carelessness, recklessness, and other tortious conduct of the Defendant, acting through its agents, servants, and employees, all of whom were acting within and during the course and scope of their employment and authority.

57. As a result of the negligent, careless, reckless, and other tortious conduct of the Defendants, as described more fully in this Complaint, Steven A. Romano, Jr., the decedent, suffered the following injuries: over-sedation, respiratory depression, aspiration of vomitus,

cardiac arrhythmia, cardiopulmonary arrest, pain, suffering, emotional distress, and death.

58. On September 19, 2019, the Department of Veterans Affairs Office of Inspector General released an investigation into the care of Steven A. Romano, Jr., the decedent herein, at the Philadelphia VA Hospital.

59. The Department of Veterans Affairs Office of Inspector General Quality uncovered, among other troubling details, the following:

　　a. Facility staff did not comply with Veterans Health Administration informed consent policies for methadone treatment;

　　b. Unit 7E nursing staff assigned to conduct rounds falsified documentation regarding observation rounds;

　　c. Unit 7E staff did not comply with the facility's patient observation policy;

　　d. Because of the observation policy noncompliance, staff were unaware of Mr. Romano Jr.'s deteriorating medical condition;

　　e. Unit 7E providers did not properly evaluate Steven A. Romano, Jr.'s altered mental status, progressive lethargy, and somnolence;

　　f. Unit 7E providers did not consider possible drug effects and drug-drug interactions involving methadone and the other central nervous system depressant medications that Steven A. Romano, Jr. received;

　　g. On November 3, 2017, an EKG should have been obtained to assess Mr. Romano Jr.'s rapid heart rate, but was not;

　　h. Although Unit 7E nursing staff and providers documented signs of Mr. Romano Jr.'s progressive somnolence and inactivity, staff did not alert other staff or providers by adding them as additional signers to their notes or directly communicating with each other;

    i.   VA Pharmacy Benefits Management Services issued guidance with general principles for methadone dosing which indicate that a follow-up EKG should be obtained when methadone reaches 30-40 mg per day. On October 31, 2017, Mr. Romano Jr.'s methadone dose was increased to 40 mg; however no providers ordered an EKG during the escalation of his methadone induction despite VA guidance;

    j.   Unit 7E was not prepared to effectively respond to Mr. Romano Jr.'s cardiopulmonary arrest on November 3, 2017; and

    k.   Quality of care deficiencies on Unit 7E included a failure by staff to recognize signs of somnolence and inactivity as consistent with the patient's over-sedation during the last five days of the admission and a failure by staff to conduct patient observation rounds. When the patient was found unresponsive on Unit 7E and the rapid response team arrived, conditions already likely existed for a failure to rescue because of the lack of care.

## CAUSES OF ACTION

### Count I: Wrongful Death Action
**Steven A. Romano, Sr. and Deborah A. Romano, Administrators for and on behalf of the Estate of Steven A. Romano, Jr. v. United States of America**

60. Plaintiffs incorporate by reference all of the averments contained in the preceding paragraphs as though fully set forth at length herein.

61. Steven A. Romano, Sr. and Deborah A. Romano are the parents of the decedent, Steven A. Romano, Jr., and were appointed Administrators of the Estate by the Register of Wills of Montgomery County on November 29, 2017.

62. Plaintiffs bring this action for wrongful death pursuant to 42 Pa. C.S.A. §8301 and Pa. R.C.P. §2202(a). The decedent, Steven A. Romano, Jr., was survived by his parents, Steven A. Romano Sr. and Deborah A. Romano, who are entitled to recover damages for his death and on whose behalf this action is being brought.

63. At no time during his lifetime did Mr. Romano Jr. bring an action for the damages alleged in this action, and no other action for the decedent's death is being commenced against the Defendant named in this lawsuit or its agents, servants, or employees.

64. The death of Mr. Romano Jr. and the damages resulting therefrom were proximately caused by the acts, omissions, and other tortious conduct of the Defendant named herein, as hereinbefore described in this Complaint.

65. As a direct and proximate result of the death of Mr. Romano Jr., his surviving heirs have been deprived of future aid, assistance, services, comfort, and financial support.

66. As a further result of the tortious conduct of the Defendant named herein, Mr. Romano Jr.'s surviving heirs have been caused to expend various sums for hospital, medical, funeral, administration and other expenses for which they are entitled to recover pursuant to the Wrongful Death Statute.

67. Plaintiffs bring this action to recover all damages permitted by the Wrongful Death Act.

**WHEREFORE**, Plaintiffs demand judgment and damages in their favor and against the Defendant, for an amount in excess of the jurisdictional limits for Federal Arbitration, with lawful interest from the date of the filing of the administrative claim until paid, plus all fees, costs, and such other relief as the Court deems equitable, just, and proper.

**Count II:  Survival Action**
**Steven A. Romano, Sr. and Deborah A. Romano, Administrators for and on behalf of the Estate of Steven A. Romano, Jr. v. United States of America**

68. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs of the Complaint as though set forth fully herein.

69. Plaintiffs bring this action on behalf of the Decedent's Estate pursuant to 20 Pa.

C.S.A. §3373 and 42 Pa. C.S.A. §8302 for damages suffered by the Estate as the result of the decedent's death, including the decedent's pain and suffering, inconvenience, loss of life's pleasures, loss of earnings, and all other items of damages permitted pursuant to this statutory cause of action.

**WHEREFORE**, Plaintiffs demand judgment and damages in their favor and against the Defendant, for an amount in excess of the jurisdictional limits for Federal Arbitration, with lawful interest from the date of the filing of the administrative claim until paid, plus all fees, costs, and such other relief as the Court deems equitable, just, and proper.

Respectfully submitted,

**MCLAUGHLIN & LAURICELLA, P.C.**

Dated:   April 9, 2020

By:   /s/ *Slade H. McLaughlin*
**PAUL A. LAURICELLA, ESQ.**
**PA ATTORNEY ID #45768**
**SLADE H. MCLAUGHLIN, ESQ.**
**PA ATTORNEY ID #36653**
One Commerce Square
2005 Market Street, Suite 2300
Philadelphia, Pa 19103-7042
P: (215) 568-1510
F: (215) 568-4170

*Attorneys for Plaintiffs,*
*Steven A. Romano, Sr. and Deborah A.*
*Romano, Administrators of the Estate*
*of Steven A . Romano, Jr.*