**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVEN A. ROMANO, SR. and DEBORAH A. ROMANO, Administrators of the ESTATE OF STEVEN A. ROMANO, JR.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA<br><br>　　　　　　　　Defendant. | CIVIL ACTION LAW<br><br>2:20-cv-01852 |

**PLAINTIFFS' UNOPPOSED PETITION FOR COURT APPROVAL**
**AND ALLOCATION OF SETTLEMENT PROCEEDS**

　　Petitioners, Steven A. Romano, Sr. and Deborah A. Romano, as Administrators of the Estate of Steven A. Romano Jr., deceased, by and through their undersigned counsel, McLaughlin & Lauricella, P.C., hereby file the within Unopposed Petition for Approval and Allocation of Settlement Proceeds in accordance with 20 Pa. C.S.A. §3323 (b), and aver as follows:

　　1.　　Petitioners, Steven A. Romano, Sr. and Deborah A. Romano, are adult individuals and the parents of Plaintiffs' Decedent, Steven Romano, Jr.

　　2.　　Petitioners, Steven A. Romano, Sr. and Deborah A. Romano, are the duly appointed Administrators of the Estate of Steven Romano Jr., as evidenced by the Short Certificate issued by the Register of Wills of Montgomery County. *See* Short Certificate, a true and correct copy of which is attached hereto as Exhibit "A."

　　3.　　Plaintiffs' decedent died intestate on November 3, 2017 as a result of what Plaintiffs contend was medical negligence wherein Defendant, by and through its employees at the Corporal Michael J. Crescenz VA Medical Center, failed to provide proper care and treatment to Plaintiffs' Decedent.

4. On April 4, 2020, a Federal Tort Claims Act lawsuit was initiated by Complaint against the Defendant in the United States District Court for the Eastern District of Pennsylvania seeking damages pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. §8301, and the Pennsylvania Survival Act, 42 Pa. C.S.A. §8302, as a result of the death of Steven Romano Jr. on November 4, 2017.

5. Following settlement negotiations between the parties, an agreement was reached to settle the case.

6. The settlement amount is for the gross sum of one million dollars ($1,000,000.00) payable by the Defendant to Plaintiffs.

7. Counsel is of the professional opinion that the proposed settlement is reasonable due to the fact that the decedent had no dependents and survived for only a brief period after the medical treatment at issue in this case.

8. Petitioners are of the opinion that the proposed settlement is reasonable. Attached hereto as Exhibit "B" are Petitioners' Sworn Statements to that effect.

9. Petitioners have served a copy of this Petition on the following entity, which may have an interest in the outcome of this Petition:

> Pa. Dept. of Revenue
> Inheritance Tax Division
> PO Box 280601
> Harrisburg, PA 17128-0601
> Via email at: re-wdsasettlement@pa.gov

10. Medicare has paid no benefits on the decedent's behalf. See Medicare's confirmation of this fact at Exhibit "C" hereto.

11. At all times relevant to the claims asserted herein, the decedent, Steven Romano Jr., was not a beneficiary of any public assistance through the Pennsylvania Department of Human Services. Attached hereto as Exhibit "D" is a true and correct copy of correspondence from the Pennsylvania Department of Human Services indicating that it has no lien.

12. The Pennsylvania Department of Human Services has paid no benefits on behalf of the Administrators, Steven Romano, Sr. and Deborah Romano. Attached hereto as Exhibit "E" are true and correct copies of letters from the Pennsylvania Department of Human Services indicating that is has no lien.

13. The Pennsylvania Child Support Program has no lien against Steven A. Romano, Jr., deceased, Steven A. Romano, Sr., or Deborah A. Romano. See proofs of lien searches, true and correct copies of which are attached hereto, collectively, as Exhibit "F."

14. Counsel for the Defendant has no opposition to this Petition. See correspondence from defense counsel to that effect, a copy of which is attached hereto as Exhibit "G."

15. The Federal Tort Claims Act permits a 25% fee from the net settlement amount in Federal Tort Claims Act Cases such as this one. That allowable fee would be in the range of $250,000 for a settlement of $1 Million, as occurred here. As a professional courtesy to the claimants, Plaintiffs' counsel has agreed to charge a significantly reduced fee of $150,000.00 (one hundred and fifty thousand dollars).

16. Counsel has incurred expenses totaling $8,318.53 for which reimbursement is sought. These costs are detailed on Exhibit "H," a copy of which is attached hereto.

17. Petitioner requests that the net proceeds of the settlement, after deduction of costs and attorney's fees, be apportioned as follows: sixty percent (60%) to the wrongful death claim and forty percent (40%) to the survival claim.

18. The reasons for the requested allocation are as follows: Plaintiffs' Decedent survived only briefly following the claimed negligence and remained unconscious during that time. Therefore, conscious pain and suffering was mercifully brief. Plaintiff's Decedent is survived by his parents, Deborah and Steven Romano Sr. (Petitioners herein). The decedent lived with his parents and they had a close, loving, and supportive relationship. The decedent's parents have suffered pecuniary damages as result of the loss of the services of their son.

19. Pursuant to the wrongful death statute, 42 Pa.C.S. §8301, the beneficiaries of the wrongful death claim and the proportion of their interests is as follows:

**Deborah and Steven Romano Sr. (Parents):**     **100%**

WHEREFORE, Petitioners request that they be permitted to enter into the settlement recited above and request further that the Court enter an Order of Distribution as follows:

1. TOTAL SETTLEMENT                                                   $1,000,000.00
    a. To McLaughlin & Lauricella                                     $   150,000.00
       (counsel fees)

    b. To McLaughlin & Lauricella                                     $       8,318.53
       (reimbursement of costs)

2. Balance                                                                      $841,681.47

3. Wrongful Death Claim (60%)
    a. Deborah and Steven Romano Sr.                         $505,008.88
       (Parents of Decedent and Executors)

4. Survival Claim (40%)
    a. Deborah and Steven Romano Sr., as Administrators     $336,672.59
       of the Estate of Steven Romano, Jr.

                                                Respectfully submitted,

                                                **McLAUGHLIN & LAURICELLA, P.C.**

Dated: October 28, 2020            By:   /s/ *Slade H. McLaughlin*
                                                        **SLADE H. MCLAUGHLIN, ESQ.**
                                                        **PA ATTORNEY ID #36653**
                                                        **PAUL A. LAURICELLA, ESQ.**
                                                        **PA ATTORNEY ID #45768**
                                                        One Commerce Square
                                                        2005 Market Street, Suite 2300
                                                        Philadelphia, Pa 19103-7042
                                                        P: (215) 568-1510
                                                        F: (215) 568-4170
                                                        *Attorneys for Plaintiffs*

## **VERIFICATION**

Slade H. McLaughlin hereby states that he is the attorney for Petitioners in this matter and verifies that the statements made in the foregoing Plaintiffs' Unopposed Petition for Court Approval and Allocation of Settlement Proceeds, are true and correct to the best of his knowledge, information, and belief.  The undersigned understands that the statements herein are made subject to the penalties of F.R.C.P. 11 relating to unsworn falsification to authorities.

Dated:  October 28, 2020

/s/ *Slade H. McLaughlin*
**SLADE H. McLAUGHLIN**
**Attorney for Plaintiffs**